IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DUSTY RAY CHAFFIN,**

    **Plaintiff,**

    v.                                                                 CASE NO. 24-3020-JWL

**RENO COUNTY CORRECTIONAL**
**FACILITY MENTAL HEALTH,**
**et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Reno County Correctional Facility in Hutchinson, Kansas ("RCCF"). Plaintiff has paid the filing fee. On February 22, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC"), ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's response (Docs. 5, 7), and motion to appoint counsel (Doc. 6).

Plaintiff alleges that he was ordered to Larned for a competency evaluation after a RCCF Mental Health counselor lied. (Doc. 1, at 2.) Plaintiff alleges that it has not been completed and there has been "no action still after 21 months, no further attempts held, no bond not violent offense." *Id*. Plaintiff claims that Judge Gillian ordered Plaintiff to go to Larned, and Plaintiff's defense counsel refuses to file anything or to relinquish Plaintiff's case. *Id*. at 3–4.

Plaintiff names as defendants:  RCCF Mental Health; (fnu) Gillion,[1] Judge; and Jesse Landes, Reno County Public Defender.  Plaintiff appears to seek injunctive relief in the form of "due process."  *Id*. at 6.

The Court found in the MOSC that because Plaintiff's state court criminal case is pending, the Court may be prohibited from hearing Plaintiff's claims regarding his state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971).  The Court also found that Plaintiff's claims against the state court judge should be dismissed on the basis of judicial immunity; and Plaintiff has failed to show that his state court defense attorney was acting under color of state law as required under § 1983.

Plaintiff also names RCCF Mental Health as a defendant.  It appears that his claims involve a health provider at the RCCF, the facility where he is in custody.  He only mentions it in the body of his Complaint by claiming that he was ordered to Larned for a competency evaluation after a RCCF Mental Health counselor lied.  Plaintiff has not named an individual health care provider from RCCF.

In his response, Plaintiff asserts that he should not have been held this long in his state court case.  (Doc. 5, at 1.)  Plaintiff alleges that it is cruel to be held this long under 22-3301, without the judge or his counsel taking action.  *Id*.  Plaintiff states that "it is a[n] illegal move by Jesse Landes to hold my case 21 months to be evaluated with no medical mental writes [sic] they refuse to look inside my body to remove a talking devise [sic] upon going to a new facility I will put proof in my evidence."  *Id*. at 2.  These responses relate to his underlying criminal case and the Court has advised Plaintiff that it would be barred from hearing these claims based on *Younger*.

---

[1] Online records show that the judge assigned to Plaintiff's state criminal case in Reno County District Court is Judge Daniel Gilligan.

The Court also advised Plaintiff that his defense attorney, Jesse Landes, is not acting under color of state law as required under § 1983.

However, Plaintiff has now named a health care provider from RCCF.  Plaintiff also argues in his response that the state violated 22-3301when "mental health Ellissa Davidson" lied to the court to keep Plaintiff in custody.  (Doc. 7, at 1.)  Plaintiff also states that Reno County refuses to give Plaintiff any mental health help.  *Id.*   The Court is concerned that Plaintiff is raising claims that he is not being provided with mental healthcare while housed at the RCCF.  Plaintiff also argues in his motion to appoint counsel that he has not received timely treatment at the RCCF and "Ellisa Davidson" has violated his Eighth Amendment rights.  (Doc. 6, at 3, 5.)  Plaintiff alleges that he is only seen every three months and this has violated his severe mental health needs.  *Id*. at 5.

Because it appears that Plaintiff may be able to amend his Complaint to add an Eighth Amendment claim and a proper defendant, the Court will order a limited *Martinez* Report on the issue of whether Plaintiff is receiving adequate mental healthcare while housed at the RCCF.  The Court finds that the proper processing of Plaintiff's claim cannot be achieved without additional information from appropriate RCCF officials.  *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).  Accordingly, the Court orders the appropriate RCCF officials to prepare and file a *Martinez* Report on this issue.  Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A.

Plaintiff has also filed a motion to appoint counsel (Doc. 6).  Plaintiff alleges that there is no law library at the RCCF and he is required to request exactly what he needs.  *Id*.  Plaintiff asserts that he has never used § 1983 before and cannot effectively obtain the materials he needs.  *Id*.

The Court has considered Plaintiff's motion for appointment of counsel.  There is no

constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion to appoint counsel (Doc. 6) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that RCCF officials shall submit the *Martinez* Report by **April 22, 2024**. The *Martinez* Report should address the limited issue of whether or not Plaintiff is receiving adequate mental healthcare while housed at the RCCF. Upon the filing of that Report, the Court will screen Plaintiff's claims. Officials responsible for the operation of the RCCF are directed to undertake a review of this limited issue:

    a. To ascertain the facts and circumstances;

    b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the issue; and

    c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this issue and should be considered together.

  (1) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff.  If the RCCF officials wish to file any exhibits or portions of the report under seal or without service on Plaintiff, they must file such portions separately from the public report and provisionally under seal, to be followed immediately by a Motion to Seal or Redact Document(s).  The RCCF officials are exempt from filing the Notice of Proposed Sealed Record under D. Kan. Rule 5.4.2(b).

  (2) Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.  Any recordings related to Plaintiff's claims shall also be included.

  (3) Authorization is granted to the officials of the RCCF to interview all witnesses having knowledge of the facts, including Plaintiff.

  (4) No motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

  (5) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Complaint.  This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the Reno County Sheriff as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, the Sheriff may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to the Reno County Sheriff, and to the District Attorney for Reno County, Kansas.

**IT IS SO ORDERED.**

**Dated March 26, 2024, in Kansas City, Kansas.**

                                          **S/ John W. Lungstrum**
                                          **JOHN W. LUNGSTRUM**
                                          **UNITED STATES DISTRICT JUDGE**