IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DUSTY RAY CHAFFIN,**

    **Plaintiff,**

    v.                                                       CASE NO.  24-3020-JWL

**RENO COUNTY CORRECTIONAL
FACILITY MENTAL HEALTH,
et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  At the time of filing, Plaintiff was in custody at the Reno County Correctional Facility in Hutchinson, Kansas ("RCCF").  Plaintiff is now housed at Larned State Hospital ("LSH").  On February 22, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC"), ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff filed a response (Docs. 5, 7), and on March 26, 2024, the Court entered a Memorandum and Order (Doc. 8) ("M&O") directing RCCF officials to submit a *Martinez* Report on the limited issue of whether or not Plaintiff was receiving adequate mental healthcare while housed at the RCCF.  The M&O provides that "[u]pon the filing of that Report, the Court will screen Plaintiff's claims."  (Doc. 8, at 4.)  The *Martinez* Report (Doc. 13) (the "Report") has now been filed.  The Court's screening standards are set forth in the Court's MOSC.

**I.  Nature of the Matter Before the Court**

Plaintiff alleges that he was ordered to Larned for a competency evaluation after a RCCF Mental Health counselor lied.  (Doc. 1, at 2.)  Plaintiff alleges that it has not been completed and there has been "no action still after 21 months, no further attempts held, no bond not violent

offense." *Id*. Plaintiff claims that Judge Gillian ordered Plaintiff to go to Larned, and Plaintiff's defense counsel refuses to file anything or to relinquish Plaintiff's case. *Id*. at 3–4.

Plaintiff names as defendants: RCCF Mental Health; (fnu) Gillion,[1] Judge; and Jesse Landes, Reno County Public Defender. Plaintiff appears to seek injunctive relief in the form of "due process." *Id*. at 6.

## II. The Report

The Report provides that Plaintiff is currently at the Larned State Hospital until his competency is restored. (Doc. 13, at 2.) The Report further provides that:

> Plaintiff's attorney requested a competency hearing which was ordered in the case and performed by Horizons Mental Health Center in Hutchinson, Kansas. Horizons recommended that he be found not competent to stand trial at the time. Horizons also noted that he was refusing to engage in mental health services repeatedly and refusing medications. The Reno County Sheriff's Office records show he received treatment in the Jail for various ailments, and sometimes refused treatment.

*Id*. The records included with the Report show that Plaintiff's attorney requested a competency determination around September 21, 2022, and the judge entered an Order for Competency Evaluation on September 23, 2022. (Doc. 13–1, at 8–11.) It appears that Plaintiff was evaluated on November 30, 2022; the report from Horizons Mental Health Center is dated December 30, 2022; and Plaintiff's Competency Hearing was scheduled for January 13, 2023. *Id*. at 12–14. The report from Horizons states that Plaintiff "refuses to engage in mental health services repeatedly and refuses medications and feels a surgical intervention is necessary." *Id*. at 14. Plaintiff's Larned State Hospital Preadmission Information form for "Competency-to-Stand-Trial Treatment" was completed on March 11, 2024. *Id*. at 6–7.

---

[1] Online records show that the judge assigned to Plaintiff's state criminal case in Reno County District Court is Judge Daniel Gilligan.

**III. Discussion**

The Court found in the MOSC that because Plaintiff's state court criminal case is pending, the Court may be prohibited from hearing Plaintiff's claims regarding his state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971). The Court also found that Plaintiff's claims against the state court judge should be dismissed on the basis of judicial immunity; and Plaintiff has failed to show that his state court defense attorney was acting under color of state law as required under § 1983.

Plaintiff also names RCCF Mental Health as a defendant. The Court noted in the MOSC that it appeared that his claim involved a health provider at the RCCF, but that he only mentioned it in the body of his Complaint by claiming that he was ordered to Larned for a competency evaluation after a RCCF Mental Health counselor lied. Plaintiff has not named an individual health care provider from RCCF.

In his response to the MOSC, Plaintiff asserts that he should not have been held this long in his state court case. (Doc. 5, at 1.) Plaintiff alleges that it is cruel to be held this long under 22-3301, without the judge or his counsel taking action. *Id*. Plaintiff states that "it is a[n] illegal move by Jesse Landes to hold my case 21 months to be evaluated with no medical mental writes [sic] they refuse to look inside my body to remove a talking devise [sic] upon going to a new facility I will put proof in my evidence." *Id*. at 2. These responses relate to his underlying criminal case and the Court has advised Plaintiff that it would be barred from hearing these claims based on *Younger*. The Court also advised Plaintiff that his defense attorney, Jesse Landes, is not acting under color of state law as required under § 1983.

Plaintiff also argued in his response that the state violated 22-3301 when "mental health Ellissa Davidson" lied to the court to keep Plaintiff in custody. (Doc. 7, at 1.) Plaintiff stated that

Reno County refused to give Plaintiff any mental health help. *Id*. Plaintiff alleged that he was only seen every three months and that this violated his severe mental health needs. (Doc. 6, at 5.) Because the Court was concerned that Plaintiff may be raising a claim that he was not being provided with mental healthcare while housed at the RCCF, the Court ordered the limited Report.

Plaintiff has not named a mental health provider from RCCF and has not alleged that he sought mental healthcare while there and was denied care by staff at the RCCF. Although he mentions Ellissa Davidson in his response, it appears that Alyssa Davidson, LMSW, is the Licensed Master Social Worker from Horizon Mental Health Care Center that performed his competency evaluation. *See* Doc. 13–1, at 13–14. Even if Plaintiff were allowed to amend his complaint to add Davidson as a defendant, it appears that she would be entitled to quasi-judicial immunity.

Plaintiff has not suggested that Davidson was acting in any capacity other than pursuant to a court order. The Order for Competency Evaluation orders Horizon's Mental Health Center to "conduct an evaluation test of the defendant and provide to the Court its findings and opinions of the defendant's competency to stand trial; said evaluation to take place in the RCCF." (Doc. 13–1, at 11.) "Officials with roles . . . to whom absolute 'quasi-judicial' immunity has been extended include: a court-appointed psychiatrist who interviewed a criminal defendant to assist the judge in assessing competency . . . .." *Martinez v. Roth*, 1995 WL 261127, at *3 (10th Cir. 1995) (unpublished) (citing *Schinner v. Strathmann*, 711 F. Supp. 1143 (D.D.C. 1989)); *see also Creamer v. Ort*, 2012 WL 1144816, at *2 (D. Colo. 2012) (stating that "it is clear that Defendant's actions in exercising her judgment with respect to Ms. Creamer's competency are protected by absolute quasi-judicial immunity") (citing *Hughes v. Long,* 242 F.3d 121, 126 (3d Cir. 2001) (holding that child welfare workers are entitled to "judicial immunity because they acted as 'arms

of the court,' similar to a guardian ad litem or a court-appointed doctor or psychologist, a non-judicial person who fulfills a quasi-judicial role at the court's request.") and *Bartlett v. Weimer*, 268 F.2d 860, 862 (7th Cir. 1959) (affirming dismissal on absolute immunity grounds of § 1983 claim against court-appointed doctor who examined mental health of plaintiff and reported findings to the court)).

Plaintiff's Complaint sets forth the delay in his state court criminal case based upon the competency proceedings. (Doc. 1, at 2–3.) For relief, Plaintiff sought "due process." *Id*. at 6. Although the Court is concerned with the delay between Plaintiff's competency determination and his transfer to LSH for treatment, it appears that Plaintiff has now received the relief he was seeking in this case. Any request for injunctive relief against staff at the RCCF is now moot. Plaintiff is no longer confined at the RCCF and he has now been transferred to LSH for treatment.

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea v. Littleton*, 414 U.S. 488, 495 1974). The Tenth Circuit has applied this principle to § 1983 actions brought by inmates, and held that an inmate's transfer from one prison to another generally renders moot any request for injunctive relief against the employees of the original prison concerning the conditions of confinement. *See Green v. Branson*, 108 F.3d 1296, 1299–1300 (10th Cir. 1997); *see also Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (inmate's release from prison moots his claims for declaratory and injunctive relief); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (recognizing prisoner's release from prison mooted his § 1983 claim for injunctive relief); *Love v. Summit County*, 776 F.2d 908, 910 n.4 (10th Cir. 1985) (noting transfer of inmate to different prison renders his § 1983 claim for injunctive relief moot).

The mootness doctrine is based on the reality that even if the inmate receives injunctive

relief, the defendants from the former prison would be unable to provide the relief to plaintiff. Because Plaintiff is no longer housed at the RCCF, any claim for injunctive relief is moot and subject to dismissal.

## IV.  Response Required

The Court will grant Plaintiff an opportunity to respond to the Report and to show good cause why his Complaint should not be dismissed for the reasons set forth in this Memorandum and Order.  Failure to respond by the deadline may result in dismissal of this case without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **June 14, 2024,** in which to respond to the Report at Doc. 13, and to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

Dated May 16, 2024, in Kansas City, Kansas.

                                                        <u>S/  John W. Lungstrum</u>
                                                        **JOHN W. LUNGSTRUM**
                                                        **UNITED STATES DISTRICT JUDGE**