**Oh IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**DUSTY RAY CHAFFIN,**

      **Plaintiff,**

      v.                               **CASE NO.  24-3020-JWL**

**RENO COUNTY CORRECTIONAL**
**FACILITY MENTAL HEALTH,**
**et al.,**

      **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  At the time of filing, Plaintiff was in custody at the Reno County Correctional Facility in Hutchinson, Kansas ("RCCF").  Plaintiff's Complaint sets forth the delay in his state court criminal case based upon his competency proceedings.  (Doc. 1, at 2–3.)  For relief, Plaintiff sought "due process."  *Id*. at 6.

On March 26, 2024, the Court entered a Memorandum and Order (Doc. 8) directing RCCF officials to submit a *Martinez* Report on the limited issue of whether or not Plaintiff was receiving adequate mental healthcare while housed at the RCCF.  The Report (Doc. 13) was filed, and on May 16, 2024, the Court entered a Memorandum and Order (Doc. 15) ("M&O") granting Plaintiff until June 14, 2024, in which to respond to the Report and to show good cause why his Complaint should not be dismissed for the reasons set forth in the M&O.  Plaintiff has failed to respond by the Court's deadline.

The Report stated that Plaintiff was currently at the Larned State Hospital ("LSH") and would remain there until his competency is restored.  (Doc. 13, at 2.)  The Court stated in the M&O that although the Court was concerned with the delay between Plaintiff's competency determination and his transfer to LSH for treatment, Plaintiff has now received the relief he was

1

seeking in this case.  The Court found in the M&O that any request for injunctive relief against staff at the RCCF is now moot because Plaintiff is no longer confined at the RCCF and he has now been transferred to LSH for treatment.

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief."  *O'Shea v. Littleton*, 414 U.S. 488, 495 1974).  The Tenth Circuit has applied this principle to § 1983 actions brought by inmates, and held that an inmate's transfer from one prison to another generally renders moot any request for injunctive relief against the employees of the original prison concerning the conditions of confinement.  *See Green v. Branson*, 108 F.3d 1296, 1299–1300 (10th Cir. 1997); *see also Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (inmate's release from prison moots his claims for declaratory and injunctive relief); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (recognizing prisoner's release from prison mooted his § 1983 claim for injunctive relief); *Love v. Summit County*, 776 F.2d 908, 910 n.4 (10th Cir. 1985) (noting transfer of inmate to different prison renders his § 1983 claim for injunctive relief moot).

The mootness doctrine is based on the reality that even if the inmate receives injunctive relief, the defendants from the former prison would be unable to provide the relief to plaintiff. Because Plaintiff is no longer housed at the RCCF, any claim for injunctive relief is moot and subject to dismissal.

The Court granted Plaintiff an opportunity to respond to the Report and to show good cause why his Complaint should not be dismissed for the reasons set forth in the Court's M&O.  The M&O provides that "[f]ailure to respond by the deadline may result in dismissal of this case without further notice for failure to state a claim." (Doc. 15, at 6.)  Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why his Complaint should not be

dismissed for the reasons stated in the M&O.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated June 24, 2024, in Kansas City, Kansas.**

> **S/  John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**